REQUESTED BY: Senator Lee Rupp Nebraska State Legislature Room 1122, State Capitol Lincoln, NE 68509
 Senator Bernice Labedz Nebraska State Legislature Room 2010, State Capitol Lincoln, NE 68509
Dear Senators:
This is in response to your letter of May 6, 1985, concerning Legislative Resolution 81. This resolution proposes that the Legislature approve a gift of land to the Nebraska Game and Parks Commission and further provides that the land shall be used as a state park to be named after the current Game and Parks Commission Director Eugene T. Mahoney.
As you point out, Neb.Rev.Stat. § 81-1108.36
(Reissue 1981) provides that:
Except when sites or structures are named by statute, the administrator, after considering any recommendations of the State Building Advisory Commission, shall review the proposals of the various agencies and commissions for the naming of state-owned or leased sites or structures. Unless otherwise provided by statute, sites or structures shall not be named for citizens who are active elected officials or active employees of the State of Nebraska. Mr. Mahoney is of course a state employee. Your question then is simply whether LR 81 could be considered a statute as that term is used in Neb.Rev.Stat. § 81-1108.36.
We think not. A resolution is generally considered to be only an expression of opinion by the Legislature and does not rise to the status of a law. Black's Law Dictionary sets forth this distinction as follows: The term is usually employed to denote the adoption of a motion, the subject-matter of which would not properly constitute a statute; such as a mere expression of opinion; an alteration of the rules; a vote of thanks or of censure, etc. . . .
The chief distinction between a "resolution" and a "law" is that the former is used whenever the legislative body passing it wishes merely to express an opinion as to some given matter or thing and is only to have a temporary effect on such particular thing, while by a "law" it is intended to permanently direct and control matters applying to persons or things in general.
There is a substantial body of case law from other jurisdictions which would support the distinction that a resolution is not a law but merely a form in which a legislative body expresses an opinion. See, Baker v. City of Milwaukee, 271 Or. 500, 533 P.2d 772 (1975), Village of Altamont v. Baltimore and O.S.W. Railway Company, 94 Ill. 47, 56 N.E. 340 (1900), and 73 Am.Jur.2d Statutes § 3. In this regard, it must be understood that the term "statute" and "law" are synonymous in this respect. The ordinary meaning of the word "statute" is a "law" established by legislative authority. Foster v. Brown, 199 Ga. 444,34 S.E.2d 530 (1945). Thus we must conclude that the only way in which the park could be named for the current Game and Parks Director would be through a proper statutory enactment and not by the passage of a legislative resolution.
Sincerely,
ROBERT M. SPIRE Attorney General
John Boehm Assistant Attorney General